PROB 12A
(REVISED 5/2011)

# United States District Court
## for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Alvin Stokes</u>     Case Number: <u>3:04-00163-01</u>

Name of Sentencing Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>April 25, 2005</u>

Original Offense: <u>Cts. 1-3 Distribution of 5 Grams or More of Crack Cocaine; Ct. 4 - Possession of Firearms in Furtherance of Drug Trafficking; Ct. 5 - Convicted Felon in Possession of Firerams.</u>

Original Sentence: <u>84 months' imprisonment followed by 4 years' supervised release.</u>

Type of Supervision: <u>Supervised Release</u>     Date Supervision Commenced: <u>December 19, 2011</u>

Assistant U.S. Attorney: <u>Sunny A.M. Koshy</u>     Defense Attorney: <u>John G. Oliva</u>

---

**THE COURT ORDERS:**

[X] No Action
[ ] Submit a Petition for Summons
[ ] Submit a Petition for Warrant
[ ] Other

Considered this 23rd day of Feb., 2015, and made a part of the records in the above case.

_____
Honorable Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Lisa A. Capps
Sr. U.S. Probation Officer

Place: Columbia, Tennessee

Date: February 20, 2015

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **Shall not commit another federal, state, or local crime:**

    On February 5, 2015, in Davidson County, Tennessee, Mr. Stokes was stopped by the Metropolitan Nashville Police Department, Nashville, Tennessee, and was issued a citation for Driving on a Revoked License (Citation Number SCE173037). According to the affidavit, an MNPD officer observed Mr. Stokes driving on Rosa L. Parks Boulevard without lights required on his vehicle. Upon conducting a traffic stop, it was discovered that his driver's license was revoked. Mr. Stokes has a booking date of March 6, 2015.

2. **The defendant shall notify the probation officer within 72 hours of any contact with law enforcement:**

    Mr. Stokes did not notify this officer of his traffic stop until February 9, 2015, at which time his monthly supervision report form was submitted. He had attached a copy of the citation and booking information to his monthly report.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Stokes is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since December 19, 2011. He is currently unemployed and receives disability due to a heart condition. He lives with his son in Nashville, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence.

On June 7, 2012, a 12A petition was filed by U.S. Probation Officer Joshua Smith, notifying the Court of the offender's positive drug screen for cocaine. Said report was signed by Your Honor on June 11, 2012, ordering no action at that time, per the probation office's recommendation.

The U.S. Probation Office has filed several petitions against the offender, and the Court has responded. The offender has previously tested positive for cocaine and was arrested for a DUI. Mr. Stokes admitted the violations and an Agreed Order was entered requiring Mr. Stokes to attend AA or NA meetings on a weekly basis and to submit to electronic monitoring.

On April 26, 2013, a 12C petition was submitted notifying the Court of Mr. Stokes' use of alcohol, violations of the electronic monitoring program, positive urine screens, and missed random urine screens. Your Honor signed said petition on that same day and ordered a summons be issued. The revocation hearing was set for May 30, 2013. On May 20, 2013, Your Honor granted a motion to continue the revocation hearing so that Mr. Stokes could attend inpatient drug and alcohol treatment at the Lloyd Elam Mental Health Center, Nashville, Tennessee. Mr. Stokes entered the Elam Center on May 20, 2013, and completed the program on June 7, 2013.

On August 5, 2013, a Supplemental 12C petition was submitted notifying the Court of additional positive urine screens and a missed random urine screen. Your Honor signed said petition on August 6, 2013, ordering the new violations to be considered at the revocation hearing set for October 7, 2013.

On October 7, 2013, a revocation hearing was held before Your Honor, and Mr. Stokes admitted to all six violations listed in the petition. By agreement, a hearing for disposition was set for April 11, 2014.

On April 9, 2014, an Agreed Order was submitted to the Court asking the petition be dismissed as Mr. Stokes had no positive drug screens and had not missed any drug screens since October 2013, when the matter was last on the docket.

On April 16, 2014, a 12C petition was submitted notifying the Court of a positive urine screen and a missed random urine screen. Your Honor signed said petition on April 17, 2014, ordering the issuance of a summons. A revocation hearing was scheduled for May 16, 2014; however, Mr. Stokes was in the hospital and it was continued to June 3, 2014.

On May 22, 2014, a Supplemental 12C petition was submitted notifying the Court of a positive urine screen on April 24, 2014. At a revocation hearing on June 3, 2014, the parties announced an agreement, which Your Honor accepted, that Mr. Stokes would participate in the inpatient drug treatment program at Matthew 25 for a period of three to four months. The revocation hearing was continued to December 1, 2014.

On August 20, 2014, a 2nd Supplemental 12C petition was submitted notifying the Court that Mr. Stokes had left the program at Matthew 25 without the permission of the Court. Said petition was signed by Your Honor on August 20, 2014, and the revocation hearing was reset for August 28, 2014. At that hearing, Mr. Stokes admitted the violation and was allowed to return to the inpatient treatment program at Matthew 25. The revocation hearing was set for January 12, 2015. Mr. Stokes successfully completed the program at Matthew 25, and at the revocation hearing on January 12, 2015, the Court ordered Mr. Stokes be returned to supervised release without any further punishment.

### U.S. Probation Officer Recommendation:

At this time, the probation officer is requesting that no action be taken by the Court. Davidson County General Sessions Court will most likely impose an appropriate sentence should Mr. Stokes be adjudicated guilty of the driving charges. As it relates to Mr. Stokes failure to notify this officer, the condition to notify this officer within 72 hours of law enforcement contact has been reviewed with Mr. Stokes. Any additional violations will be reported to the Court in a timely manner.

The U. S. Attorney's Office has been advised of the offender's noncompliance.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer